a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALE BROWN #53074/418906,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-01089<br>SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| LA DEPT OF SAFETY &<br>CORRECTIONS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Dale Brown ("Brown"). Brown is incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He alleges the denial of religious freedoms in violation of the constitution and laws of the United States. Brown names as Defendants the Louisiana Department of Safety and Corrections ("DOC"), RLCC, Warden Marcus Myers, Colonel Terry Bordelon, Lt. Terry Bordelon III, Chaplain Kenneth D. Moore, Sr., James Leblanc, and Captain Gunn. He seeks monetary damages and the termination of employment for certain Defendants.

Because Brown fails to state viable claims against RLCC, the DOC, and Leblanc, the claims against those Defendants should be DISMISSED. And because Brown is not entitled to the type of injunctive relief sought, his claim for the termination of employment should also be DISMISSED.

1

I. Background

Brown alleges that he was notified by security that he was scheduled for a "mandatory callout at the chapel." ECF No. 1 at 2. Upon arrival at the chapel, he was met by Chaplain Moore, Captain Gunn, and Col. Bordelon. *Id.* Brown was ushered into the chaplain's office for a "Board Hearing." *Id.* Chaplain Moore handed Brown a "revocation paper" informing Brown that his religious hair exemption had been revoked. *Id.* Brown was told that his beard would be cut off "one way or another." *Id.* at 3.

Brown was then escorted to the showers where he was "shackled and forcibly shaved" by Lt. Bordelon. *Id.* He was written up for aggravated disobedience and sanctioned with two days of room confinement. *Id.*

Brown seeks money damages and requests the termination of employment of Defendants Moore, Bordelon, Bordelon III, and Gunn.

II. Law and Analysis

Brown is not entitled to have state employees terminated. "'[F]ederal courts are not personnel directors of state prison systems, and such relief is unattainable in [a § 1983] action.'" *Davis v. Lewis*, 18-CV-91, 2018 WL 3041194, at *2 (W.D. La. Mar. 7, 2018), *report and recommendation adopted*, 2018 WL 3040759 (W.D. La. June 19, 2018); *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638 at *2 (N.D. Tex. Nov. 4, 2009) (citing *Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)). Therefore, his request for this type of injunctive relief should be denied.

Additionally, Brown's claims against RLCC should be denied because RLCC is not a juridical entity amenable to suit. *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (a jail is "not an entity, but a building"); *Mitchell v. Lamar Cnty. Jail*, 5 F.3d 1496, 1993 WL 391567, at *2 (5th Cir. 1993) (unpublished) ("The district court correctly held that the [Lamar County] Jail is not a legal entity subject to suit.").

Next, the Eleventh Amendment bars § 1983 suits in federal court against the DOC. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *see also Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) (the Eleventh Amendment bars federal § 1983 lawsuits against Louisiana state agencies for both money damages and injunctive relief). Because the doctrine of sovereign immunity deprives the Court of jurisdiction, the claims against the DOC should be dismissed without prejudice. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996).

Finally, Brown does not allege any personal involvement by James Leblanc. For a prison official to be liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of the official and the constitutional violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Any allegation that Leblanc is responsible for the actions of his subordinates or other state employees is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### III. Conclusion

Because Brown fails to state a viable claim against RLCC and James Leblanc, IT IS RECOMMENDED that all claims against them be DENIED and DISMISSED WITH PREJUDICE.  Additionally, because Brown is not entitled to the termination of employees, IT IS RECOMMENDED that this claim for relief be DENIED and DISMISSED WITH PREJUDICE.  Finally, because sovereign immunity bars Brown's claim against the DOC, IT IS RECOMMENDED that the DOC be DISMISSED from suit WITHOUT PREJUDICE.  The remaining claims will be served pursuant to a separate Order.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, October 13, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE