a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALE BROWN #53074/418906, Plaintiff | CIVIL DOCKET NO. 1:23-CV-01089 SEC P |
| VERSUS | JUDGE EDWARDS |
| LA DEPT OF SAFETY & CORRECTIONS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (ECF No. 31) seeking dismissal of a civil rights Complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dale Brown ("Brown"). Brown is incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He alleges the denial of religious freedoms in violation of the constitution and laws of the United States.

Because Brown cannot recover compensatory damages and Defendants are entitled to judgment as a matter of law, the Motion for Summary Judgment should be GRANTED.

I.  Background

Brown alleges that he was notified by security that he was scheduled for a "mandatory callout at the chapel." ECF No. 1 at 2. Upon arrival at the chapel, he was met by Chaplain Moore, Captain Gunn, and Col. Bordelon. *Id.* Brown was ushered into the chaplain's office for a "Board Hearing." *Id.* Chaplain Moore handed

1

Brown a "revocation paper" informing Brown that his religious hair exemption had been revoked. *Id.* Brown was told that his beard would be cut off "one way or another." *Id.* at 3.

Brown was then escorted to the showers where he was "shackled and forcibly shaved" by Lt. Bordelon. *Id.* He was written up for aggravated disobedience and sanctioned with two days of room confinement. *Id.*

Brown seeks money damages for the violation of his constitutional rights. Brown's claims against RLCC and James Leblanc have been denied and dismissed with prejudice; his claims against the Department of Corrections ("DOC") have been dismissed for lack of jurisdiction; and his claim for the termination of employees has been denied. ECF No. 9.

DOC Regulation No. PS-E-1 provides the policy for Religious Faith-Based Programs and Services. ECF No. 31-4. Subsection 7.G.(1) instructs that each warden "shall ensure that offenders have the opportunity to participate in practices of their religious faith that are deemed essential by the faith's governing judicatory, limited only by documentation showing threat to the safety of persons involved in the practice of the faith or that the practice itself disrupts order in the institution." ECF No. 31-4 at 5. In determining what constitutes legitimate religious practices, "the Warden or designee shall consider whether there is a body of literature stating religious principles that support the practices and whether the practices are recognized by a group of persons who share common ethical, moral, or intellectual views. *Id.* RLCC adopted the DOC's Policy. ECF No. 31-3.

Pursuant to the RLCC Offender Personal Grooming/Group Identification Policy #03-03-004, facial hair "shall be limited to a well-groomed moustache and/or a full beard not to exceed one half inches in length." ECF No. 31-5 at 3. RLCC's facial hair policy is identical to DOC Regulation No. IS-C-4. ECF No. 31-6 at 3.

Brown requested a religious exemption seeking to grow his beard unrestrained, without regard to length, while keeping his head shaved, purportedly in conjunction with his identification as a Rastafarian "Beardman."

II.   Law and Analysis

Under Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

When a motion for summary judgment is made and supported, an adverse party may not rest on mere allegations or denials but must set forth specific facts showing a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995).

### A. Brown may not recover compensatory damages.

Brown seeks compensatory damages under the First Amendment, enforceable against state officials through the Fourteenth Amendment, and the Eighth Amendment.[1] However, 42 U.S.C. § 1997e(e) provides that no federal civil action may be brought by a prisoner for mental or emotional injury without a prior showing of physical injury. *See Domino v. Goodwin*, 23-CV-492, 2024 WL 4575368, at *3 (W.D. La. 2024), *report and recommendation adopted*, 2024 WL 4573601 (W.D. La. 2024) (citing 42 U.S.C. § 1997e(e)). This requirement applies to all federal civil actions in which a prisoner alleges a constitutional violation, including First Amendment claims that are not usually accompanied by physical injury. *Id.* (citing *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005)) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."); *see also Mayfield v. Texas Dept. Of Criminal Justice*, 529 F.3d 599, 605–06 (5th Cir. 2008); *Massingill v. Livingston*, 277 F. App'x 491 (5th Cir. 2008). Brown does not allege that he suffered any physical injury when his beard was shaved.

---

[1] Because the Court has dismissed his request that Defendants' employment be terminated (ECF No. 9), Brown's claim for compensatory damages is all that remains.

4

Even if his claim was not barred by § 1997e(e), Defendants would be entitled to judgment as a matter of law. A prison policy or practice will not be found in violation of the First Amendment if it is reasonably related to a legitimate penological objective of the facility. *See Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 21-CV-733, 2022 WL 4593085, at *2 (M.D. La. 2022), *aff'd*, 82 F.4th 337 (5th Cir. 2023) (citing *Hay v. Waldron*, 834 F.2d 481, 487–87 (5th Cir. 1987)). This general statement of the law has been applied to regulations that required Rastafarians to cut their hair, even though keeping one's hair unshorn and unwashed is a tenet of the Rastafari religion. *See Scott v. Mississippi Dept. of Corrections*, 961 F.2d 77 (5th Cir. 1992); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

Furthermore, according to a sworn statement of Chaplain Kenneth Moore, Brown was provided multiple opportunities to provide documentation, a letter, or communication from any recognized authority or group to establish that shaving his head while growing a beard was a legitimate exercise of the Rastafarian religion. ECF No. 31-8 at 2. Brown provided no authority.

Nor does Brown provide the Court with any religious authority for his proclaimed religious belief. He cites an article that he "found on Westlaw" that references "Beardmen" as a Rastafarian subgroup. ECF No. 37 at 1. However, the article states that "Beardmen" "may trim" their beards. *See* Melissa R. Johnson, *Positive Vibration: An Examination of Incarcerated Rastafarian Free Exercise Claims*, 34 New Eng. J. on Crim. & Civ. Confinement 391, 397 (2008). The article further provides that "Beardmen" "believe that the beard <u>and long hair</u> are important

5

to the Rastafarian tradition but should be clean and neat." *Id.* (emphasis added). Therefore, the journal article undermines Brown's argument that his religious belief allows him to shave his head while maintaining a long beard.

Finally, under Local Rule 56.2, a memorandum in opposition to a motion for summary judgment must contain: (1) the material facts that the opponent contends are genuinely disputed; and (2) a pinpoint reference to the document or other exhibit establishing that each such fact is genuinely disputed. It is undisputed that Brown failed to provide Defendants with documentation to substantiate his stated religious observance of shaving his head bald and growing a beard as a legitimate exercise of the Rastafarian faith. ECF No. 3-2 at 4. It is also undisputed that Brown was not physically injured in any manner. *Id.*

Because Brown suffered no physical injury, he may not recover compensatory damages. Furthermore, the material facts are undisputed, and Defendants are entitled to judgment as a matter of law.

### III. Conclusion

Because Defendants are entitled to judgment as a matter of law, IT IS RECOMMENDED that the Motion (ECF No. 31) be GRANTED, and the civil action DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 22, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE